UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| DOUGLAS E. SHIELDS, | Case No. 3:24-cv-00216-ART-CLB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by a former state prisoner. The Court entered a screening order on April 13, 2025. (ECF No. 9.) The screening order imposed a 90-day stay, and the Court entered subsequent orders extending the stay and assigning the parties to mediation by a court-appointed mediator. (ECF Nos. 9, 12, 13.) The parties did not settle at mediation. (ECF Nos. 15, 16.) In compliance with this Court's order, Plaintiff then submitted a non-prisoner application to proceed in district court without prepaying fees or costs. (ECF Nos. 17, 18.) Plaintiff also submitted a motion to file an amended complaint. (ECF No. 19.)

Based on the financial information provided, the Court grants Plaintiff leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1).[1]

Plaintiff's motion to file an amended complaint is denied for two reasons. First, Plaintiff did not attach a proposed amended complaint, as required by Local Rule 15-1(a). Second, Plaintiff has not shown that his proposed claims would be properly joined in this case. *See* Fed. R. Civ. P. 18(a) (permitting party to bring "as many claims as it has against an opposing party"); Fed. R. Civ. P. 20(a)(2) (permitting multiple defendants where claims arise out of the same transactions or occurrences and involve a common question of law or fact). The Court screened the first amended complaint ("FAC") and allowed Plaintiff to proceed with claims based on alleged events that occurred at High Desert State Prison. (*See* ECF No. 9.) Plaintiff now asks for leave to file an amended complaint adding claims

---

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

against unspecified Defendants based on events that occurred at Northen Nevada Correctional Center. (*See* ECF No. 19 at 1.) Despite Plaintiff's argument to the contrary, defendants are not properly joined in a single lawsuit simply because they are all employees of the same state agency, answer to the same supervisors, or are bound by the same laws and regulations. (*See id.* at 3); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."). So this case will proceed onto the normal litigation track with the already-screened FAC as the operative complaint.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 18) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

2. Plaintiff's motion to file an amended complaint (ECF No. 19) is **DENIED**.

3. The Clerk of Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's FAC (ECF No. 8) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

4. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

5. Subject to the findings of the screening order (ECF No. 9), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney

General's Office cannot accept service, the Office will file, *under seal*, but will not serve on Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

6. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the FAC within **sixty (60) days** from the date of this order.

8. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

9. This case is no longer stayed.

**DATED**: September 22, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**